# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-80804-CIV-MARRA/JOHNSON

JANE DOE, a/k/a
JANE DOE NO. 1,

      Plaintiff,

vs.

JEFFREY EPSTEIN, HALEY ROBSON,
and SARAH KELLEN,

      Defendants.

_____/

**Sealed**

**FILED UNDER SEAL**[*]



FILED by _____ D.C.

JUL 2 5 2008

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

## DEFENDANTS JEFFREY EPSTEIN AND SARAH KELLEN'S MOTION FOR STAY

---

[*] This motion is filed under seal because the deferred-prosecution agreement between the United States Attorney's Office and Mr. Epstein, discussed herein, contains a confidentiality clause.

Defendants Jeffrey Epstein and Sarah Kellen respectfully move for a mandatory stay of this action under Title 18, United States Code, Section 3509(k), Section 1595(b)(1), and alternatively, under this Court's discretionary authority to stay civil litigation, based on the existence of a pending federal criminal action.

## Introduction

This lawsuit arises from a pending federal criminal action concerning, among other things, an alleged assault of the plaintiff. According to her complaint, the plaintiff, while a minor, was "recruited . . . to give Epstein a massage for monetary compensation," and was "paid . . . $300." Am. Compl., ¶¶ 13-15.[1]  A federal statute directly on point provides that when a civil suit alleging damages to a minor victim arises out of the same occurrence as a "criminal action," the civil suit "***shall be stayed*** until the end of ***all*** phases of the criminal action." 18 U.S.C. §

---

[1] Jane Doe, a/k/a Jane Doe No.1, is the same plaintiff who previously filed an original civil action in this Court, grounded upon diversity jurisdiction, through her father, based on the same allegations in this complaint. *See Jane Doe No. 1, et al. v. Jeffrey Epstein*, Case No. 08-80069-CIV-MARRA (WPB) (S.D. Fla., filed 1/24/08).  Shortly after that lawsuit was filed by her father, her mother moved for leave to intervene and to stay, alleging that her father's attorney had filed the lawsuit without her consent. *Id.* at DE 4 (1/29/08) (motion to stay), ¶ 4 ("Jane Doe's Father filed this lawsuit against Defendant Jeffrey Epstein without the knowledge, consultation or consent of Jane Doe No. 1."). On February 20, Jane Doe No. 1 was deposed in *State of Florida v. Jeffrey Epstein*, 50 2006 CF009454A XXXMB (Fla. 15th Cir. Ct.), the parallel state-court criminal action (referred to *infra* at 2, as the "Florida Criminal Action'). During that deposition, the plaintiff made numerous admissions that completely undermined the allegations against Epstein that she had pled in her complaint. Two days later, her lawyer filed a notice of voluntary dismissal without prejudice in this Court. *See Doe No. 1 v. Epstein*, Case No. 08-CV-80069-KAM (DE 9).  Less than three weeks later, on March 6, the plaintiff re-filed the instant lawsuit in Florida state court.

Lewis Tein ᴘʟ.
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

3509(k) (emphasis added).[2]  Accordingly, a stay of this case is mandatory until the criminal action arising from the same allegations is no longer pending.

## The Pending Federal Criminal Action

In 2006, a Florida state grand jury indicted Jeffrey Epstein on allegations similar to those in the instant action (*State of Florida v. Jeffrey Epstein*, Case No. 2006 CF 09454A, Fifteenth Judicial Circuit, Palm Beach County) (the "Florida Criminal Action").  Shortly thereafter, the United States Attorney's Office for the Southern District of Florida (the "USAO") began a federal grand-jury investigation into allegations arising out of the same incidents alleged in the instant action (Grand Jury No. 07-103 (WPB), United States District Court for the Southern District of Florida) ("the Federal Criminal Action").

In September 2007, the USAO and Mr. Epstein entered into a highly unusual and unprecedented deferred-prosecution agreement (the "Agreement"), in which the USAO agreed to *defer* (not dismiss or close) the Federal Criminal Action *on the condition that* Mr. Epstein continue to comply with numerous obligations, the first of

---

[2] The full text of the mandatory-stay provision reads:

> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k).

which was pleading guilty to certain state charges in the Florida Criminal Action. The Agreement itself uses the term "*deferred*" (rather than "dismissed" or "closed") to describe the status of the Federal Criminal Action:

> THEREFORE, on the authority of R. Alexander Acosta, United States Attorney for the Southern District of Florida prosecution in this District, for these offenses shall be deferred in favor of prosecution by the State of Florida, provided that Epstein abides by the following conditions and the requirements of this Agreement . . . .

Agreement, at 2.

By no stretch did the USAO finalize, close, complete, dismiss or abandon the Federal Criminal Action. Indeed, as the lead federal prosecutor recently explained, the USAO merely "agreed to *defer* federal prosecution in favor of prosecution by the State of Florida . . . ." *See In re: Jane Doe*, Case No. 08-80736-CIV-Marra/Johnson (S.D. Fla.) (DE 14), Decl. of AUSA Villafana, 07/09/08, ¶ 5, attached hereto as Exhibit "A" (emphasis added). Under the Agreement, the USAO presently retains the continuing right to indict Mr. Epstein - - or to unseal "any" already-existing federal "charges" that may already have been handed up by the federal grand jury and sealed - - should he breach any of its provisions. Agreement, at 2.

The period of the deferral continues until three months after Mr. Epstein completes service of his sentence in the Florida Criminal Action. *Id.* Indeed, the

3

**Lewis Tein** pl.
ATTORNEYS AT LAW
3059 Grand Avenue, Suite 340, Coconut Grove, Florida 33133

final three months of the Agreement's term constitute an extended period during which the USAO expressly retains the ability to evaluate whether Epstein committed any breaches of his numerous obligations under the agreement while he was serving his state sentence, and, if it so determines, reserves the right to indict (or unseal an existing indictment against) Mr. Epstein - - even after he has completed serving his entire state sentence.

The Agreement further provides that upon Epstein's execution of a plea agreement in the State Criminal Case, the Federal Criminal Action "will be suspended" and all pending grand-jury subpoenas "*will be held in abeyance* unless and until the defendant violates any term of this agreement." Agreement, at 5 (emphasis added). The Agreement directs the USAO and Epstein to "*maintain their evidence*, specifically evidence requested by or directly related to the grand jury subpoenas that have been issued," and to maintain such evidence "inviolate." *Id.* (emphasis added). It also expressly provides that the grand-jury subpoenas continue to remain "*outstanding*" *until "the successful completion* of the terms of this agreement." *Id.* (emphasis added).

Further, it includes a promise not to prosecute movant/defendant Sarah Kellen, only if "Epstein successfully fulfills all of the terms and conditions of th[e] agreement." *Id.*

Finally, the Agreement provides that the USAO's declination of prosecution for certain enumerated offenses and dismissal of any existing (sealed) charges *will not occur until 90 days following the completion of his state sentence*:

> If the United States Attorney should determine, based on reliable evidence, that, during the period of the Agreement, Epstein willfully violated any of the conditions of this Agreement, then the United States Attorney may, within ninety (90) days following the expiration of the term of home confinement discussed below, provide Epstein with timely notice specifying the condition(s) of the Agreement that he has violated, and shall initiate its prosecution on any offense within sixty (60) days' of [sic] giving notice of the violation. Any notice provided to Epstein pursuant to this paragraph shall be provided within 60 days of the United States learning of facts which may provide a basis for a determination of a breach of the Agreement.

> After timely fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses set out on pages 1 and 2 of this Agreement, nor any other offenses that have been the subject of the joint investigation by the Federal Bureau of Investigation and the United States Attorney's Office, nor any offenses that arose from the Federal Grand Jury investigation will be instituted in this District, and the charges against Epstein, if any, will be dismissed.

Agreement, at 2.

Consistent with the Agreement and its position that the Federal Criminal Action continues to remain pending, the USAO recently sent letters to attorneys for people that the USAO has designated as "victims." In those letters, the USAO asked, "[I]f you do file a claim under 18 U.S.C. § 2255 and Mr. Epstein denies that your client is a victim of an enumerated offense, please provide notice of that

5

denial to the undersigned [AUSA]." *See* Decl. of AUSA Villafana, Exhs. 6 & 7, at 2 (July 9, 2008). The clear implication of the USAO's request (by which the USAO appears to involve itself in the instant litigation, despite advising the recipients that it cannot "take part in or otherwise assist in civil litigation," *id.* at 2), is that the USAO believes that such denial might breach the Agreement.

Accordingly, the Federal Criminal Action remains "pending."

## Discussion

### I.      Section 3509(k) Imposes a Mandatory Stay.

The language of Title 18, United States Code, Section 3509(k) is clear and mandatory: a parallel "civil action *shall be stayed* until the end of all phases of the criminal action." 18 U.S.C. § 3509(k) (emphasis added). The word "*shall*" means that the statute's command is mandatory and not subject to a Court's discretion. *See, e.g., Lopez v. Davis,* 531 U.S. 230, 241 (2001) (noting Congress' "use of a mandatory 'shall' to impose *discretionless obligations*") (emphasis added); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998) (explaining that "the mandatory 'shall' . . . normally creates an obligation *impervious to judicial discretion*") (emphasis added). *Cf. Miller v. French*, 530 U.S. 327, 350 (2000) (construing the litigation-stay provision of the Prison Litigation Reform Act, holding, "Through the PLRA, Congress clearly intended to make operation of the automatic stay *mandatory*, precluding courts from

6

exercising their equitable powers to enjoin the stay. And we conclude that this provision does not violate separation of powers principles.") (emphasis added).

One District Court within the Eleventh Circuit recently construed "the plain language of § 3509(k)" as "*requir[ing] a stay* in a case . . . where . . . a parallel criminal action [is] pending." *Doe v. Francis*, No. 5:03 CV 260, 2005 WL 950623, at *2 (N.D. Fla. Apr. 20, 2005) (*Francis II*) (emphasis added). *Accord Doe v. Francis*, No. 5:03 CV 260, 2005 WL 517847, at *1–2 (N.D. Fla. Feb. 10, 2005) (*Francis I*) (staying federal civil action in favor of "a criminal case currently pending in state court in Bay County, Florida, arising from the same facts and involving the same parties as the Instant action," noting that "the language of 18 U.S.C. § 3509(k) is clear that *a stay is required* in a case such as this where a parallel criminal action is pending which arises from the same occurrence involving minor victims") (emphasis added). There is no contrary opinion from any court.

In determining that the federal stay provision is mandatory, the *Francis II* court expressed that there was apparently no case law supporting, or even "discussing the [avoidance] of a stay [under the command of] § 3509(k)." *Francis II*, 2005 WL 950623, at *2. Deferring to the statute as written, the *Francis II* court rejected the plaintiffs' argument that some of the alleged victims had already reached their majority. *See id.* The court similarly rejected the plaintiffs'

7

argument that it would be in the victims' best interests to avoid a stay so as to counteract the victims' "ongoing and increasing mental harm due to the 'frustrating delay in both the criminal case and [the civil] case.'" *Id.*

## II.   Section 3509(k) Applies to Investigations, Not Just Indictments.

While there is no unsealed indicted criminal case against Mr. Epstein, the government's criminal investigation against him remains open.   Section 3509(k) clearly applies to stay civil cases during the pendency, not only of indicted criminal cases, but also of pre-indictment criminal investigations.

The term "criminal action" is not expressly defined in § 3509(k).   It is defined, however, by a closely related statute.   Title 18, U.S.C. § 1595 provides a civil remedy for "forced labor" and "sex trafficking" violations, but stays such actions "during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."[3]   In enacting § 1595, Congress

---

[3] The full text of that statute provides:

§ 1595.  Civil remedy

    (a)   An individual who is a victim of a violation of section 1589, 1590, or 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

    (b)   (1)   Any civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

8

specifically intended that the term "criminal action" would be applied extremely broadly. Accordingly, Congress took pains to ensure that courts would give it the broadest possible construction and, for that reason, specified in the definition provision that "criminal action" also "includes investigation." 18 U.S.C. § 1595(b)(2). The only reported decision addressing this provision interpreted it according to its plain language. *See Ara v. Khan*, No. CV 07-1251, 2007 WL 1726456, *2 (E.D.N.Y. June 14, 2007) (ordering "all proceedings in this case stayed pending the conclusion of the government's criminal investigation of the defendants and of *any* resulting criminal prosecution") (emphasis added).

Given that the USAO's Agreement with Epstein indicates that:

- the grand-jury's subpoenas remain "outstanding" (Agreement, at 5);

- the subpoenas are "h[e]ld . . . in abeyance" (*id.*);

- the subpoenas are not "withdrawn" (*id.*);

- the parties must "maintain their evidence" (*id.*) (which would be entirely unnecessary if the investigation against Epstein were closed);

---

(2) In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

18 U.S.C. § 1595.

[4] The United States Court of Appeals for the Eleventh Circuit routinely relies on *Black's Law Dictionary* for the definition of statutory terms, including in criminal cases. *See e.g., United States v. Young*, 528 F.3d 1294, 1297 n.3 (11th Cir. 2008) (definitions of criminal "complaint" and "indictment"); *United States v. Brown*, 526 F.3d 691, 705 (11th Cir. 2008) (definition of "knowingly" in criminal statute).

9

- "any" existing "charges" will ***not*** "***be dismissed" until after*** Epstein has "timely fulfill[ed] all the terms and conditions of the Agreement" (*id.* at 2); and

- "prosecution in this District . . . shall be ***deferred***" (*id.*) (but not closed or dismissed) - -

then the only reasonable conclusion is that the Federal Criminal Action remains "pending."

The ordinary meaning of the adjective "pending" is "[r]emaining undecided; awaiting decision . . . ." *Black's Law Dictionary* 1154 (8th ed. 2004). [4] *See also White v. Klitzkie*, 281 F.3d 920, 928 (9th Cir. 2002) (relying on *Black's Law Dictionary*, in the context of a criminal case, for the definition of "pending" as "awaiting decision"); *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000) (relying on *Black's Law Dictionary* for the definition of "pending," expressly because "'pending' is not defined in the statute"). Any common-sense reading of the Agreement and the USAO's recent sworn construction of it, is consonant with the Federal Criminal Action's "remaining undecided" and "awaiting decision." *See Unified Gov't of Athens-Clarke County v. Athens Newspapers, LLC*, No. S07G1133, __S.E.2d __, 2008 WL 2579238, *3 (Ga. June 30, 2008) (reviewing a public-records request against Georgia's "pending investigation" exception to its open-records law, and holding that "a seemingly inactive investigation which has

not yet resulted in a prosecution logically "remains undecided," and is therefore "pending," until it "is concluded and the file *closed*") (emphasis added).

## III.   Section 3509(k) Applies Even After a Plaintiff Turns 18.

The parallel stay provision in § 1595, discussed *supra* at 8-9, mandates, without exception, that any civil action brought under that section for violation of § 1591 (prohibiting transportation of minors for prostitution) "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1591(b)(1). Whether the § 1595 plaintiff has turned 18 does not vitiate the efficacy of this mandatory stay.

An example illustrates why the stay provided in § 3509(k) has the same broad scope as the stay provided in § 1591(b)(1). As discussed above, § 3509(k) stays any civil suit for injury to a minor, arising out of the same occurrence as a pending criminal action. One type of civil suit falling within § 3509(k)'s ambit is a suit seeking redress for a violation of 18 U.S.C. § 2423(a). Section 2423(a) - - just like § 1591 - - prohibits transportation of minors for prostitution. The elements of both statutes are identical. There would simply be no legitimate basis for Congress to differentiate between the consequences attached to violating these two sections. Thus, just as Congress mandated under § 1595(b)(1) that civil discovery shall be stayed when there is an ongoing federal investigation under § 1591 (even after the

victim turns 18), the identical treatment should apply under § 3509(k) to civil actions brought for the identical violation of § 2423(a).

Logic compels a rule requiring continued application of the § 3509(k) stay to a putative victim who has since turned 18. Consider again the example of § 2243(a). Assume that the USAO is investigating a § 2243(a) violator with two alleged victims; one who is now 17, and one who has turned 19. Assume further that both decide to sue the alleged offender while the USAO is still in the process of conducting its criminal investigation. Why would Congress prohibit the defendant from conducting civil discovery in the 17-year-old's lawsuit, but permit him to conduct full discovery in the 19-year-old's lawsuit, including taking the depositions of both the 19- and the 17-year-old, the federal investigating agents and all the grand-jury witnesses? This could not have been Congress' intent.

The legislative history to a statute resembling § 1595 is also instructive. When Congress enacted 18 U.S.C. § 2255, it provided a civil remedy to any "minor . . . victim" of enumerated federal sex offenses. *See* Child Abuse Victims' Rights Act of 1986, Pub. L. No. 99-500, 100 Stat. 1783, § 703 (1986). In 2006, Congress amended the statute to clarify that the civil cause of action was available not just while the victim was a minor, but even after she or he turned 18. *See* Pub. L. 109-248, 120 Stat. 650, § 707 (b)(1)(A) (amending § 2255 to permit suit by adults who were victims of enumerated federal offenses when they were minors,

12

by deleting "Any minor who is [a victim]" and adding "Any person, who, while a minor, was [a victim]"). Meanwhile, the stay provisions of § 3509(k) remained unchanged. There is no reason to think that Congress would afford prosecutors protection for their investigations while the victims were minors, but completely eliminate those protections the moment one of the victims turned 18.

The District Court for the Northern District of Florida confirmed this position, and specifically rejected the plaintiffs' contrary argument. *See Francis II,* 2005 WL 950623, at *2. The plaintiffs there argued that "the stay should be lifted due to the fact that the minor Plaintiffs have now reached the age of majority during the pendency of the state criminal case." *Id.* The court found this argument "unavailing . . . given the victims' minor status at the time of the events giving rise to the underlying claims." *Id.* The court specifically held that "because the victims were *minors at the time of the Defendants' actions* alleged in both [the civil and criminal] cases, § 3509(k) applies." *Id.* (emphasis added).

The United States Department of Justice has itself emphatically embraced the interpretation of § 3509(k) as applying to stay *all* civil actions relating to sex offenses against minors, pending *the completion* of a parallel criminal action, *without regard to whether the plaintiff has turned 18 during her civil lawsuit*:

> The subsection should stay all pending civil actions in the wake of a criminal prosecution. Notably, in the context of 18 USC § 2255 ("civil remedy for personal injuries"), all civil actions are stayed pending the

13

**Lewis Tein** PL

3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

completion of a criminal action. *See also* 18 USC § 3509(k).

H.R. Rep. 108-264(II), 108th Cong., 1st Sess. (2003), *reprinted at* 2003 WL 22272907, at \*16-17 ("agency view" by the Department of Justice on bill later codified at 18 U.S.C. § 1595).

The Department specifically argued to Congress in the clearest terms: "We believe that prosecutions should take priority over civil redress and that ***prosecutions should be complete*** prior to going forward with civil suits." *Id.* at 17 (emphasis added). Nowhere did the Department suggest that pending prosecutions warrant ***less*** protection (*i.e.*, should be "hinder[ed]") simply because a particular civil plaintiff happens to reach his or her 18th birthday.

Finally, it would be incongruous for the plaintiff to claim that § 3509(k) is no longer applicable to her because she ***is no longer a minor***, but, at the very same time, claim that she is entitled to file this lawsuit under a fictitious name "to protect her identity because the Complaint makes sensitive allegations of sexual assault and abuse ***that she suffered while a minor***." Am. Compl., ¶ 2 (emphasis added).

## IV.   A Stay is Mandatory Despite Resulting "Delay" to Civil Lawsuits.

Inherent in any § 3509(k) stay is delay to the progress (discovery, trial, appeal) of ***all*** related civil lawsuits. Congress recognized this in enacting the stay provision, which necessarily prioritized the interests of completing a criminal investigation and prosecution over the interests of a particular plaintiff in seeking

14

personal pecuniary damages.   Based on this reasoning, the *Francis II* court specifically refused to provide any relief to plaintiffs "simply because the state [criminal] matter is not progressing as fast as they would hope."  The court made this determination despite the plaintiffs' complaints about the "frustrating delay" and that "the state criminal case 'has languished for almost two years with no end in sight,'" finding that this "is a matter to be addressed in state [criminal] court." *Id.*  Accordingly, the anticipated delay in this case, attendant to the term of the deferred-prosecution agreement, does not change the clear command of § 3509(k).

According to her own pleadings, the plaintiff waited three years before filing this lawsuit, Am. Compl. ¶ 9, and so cannot rightfully claim prejudice from additional temporary delay.

## V.    Section 3509 Aside, a Discretionary Stay is Warranted.

Even, *arguendo*, were this Court not to apply the mandate of § 3509, a discretionary stay should still be entered during the pendency of the Federal Criminal Action. *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) ("No question exists that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation.").   Other federal statutes support such a stay -- particularly when the criminal action may be adversely affected by the civil litigation.   For example, under 18 U.S.C. § 2712(e)(1), "the court shall stay any action commenced [against the United

15

States] if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related investigation or prosecution of a related criminal case." Allowing this lawsuit to progress while Epstein remains subject to the Federal Criminal Action will prejudice him irrevocably and irreparably. As provided below, there are several adverse effects to allowing this case to proceed while the Federal Criminal Action remains pending.

In this lawsuit, Epstein has a right to defend himself. In the Federal Criminal Action, Epstein has a right against self-incrimination. *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (holding that the privilege applies in "instances where the witness has reasonable cause to apprehend danger" of criminal liability"). Without a stay, Epstein will be immediately forced to abandon one of these rights.

Should he choose his Fifth Amendment rights, he will expose himself to an adverse inference at the summary-judgment stage and at trial. *See generally, Wehling v. Columbia Broad. Sys*, 611 F.2d 1026, 1027 (5th Cir. 1980) (observing that "invocation of the privilege would be subject to the drawing of an adverse inference by the trier of fact"). On the other hand, should Epstein choose his right to defend himself in this lawsuit, the USAO will be able to use his responses at every stage of the discovery and trial process (*e.g.*, his Answer, responses to document requests, responses to requests for admissions, sworn answers to

16

interrogatories, answers to deposition questions, and trial testimony) to his detriment in the Federal Criminal Action. [5]

In this lawsuit, even before civil discovery begins, under the Initial Disclosures required by Fed. R. Civ. P. 26 and S.D. Fla. Local Rule 26.1, Epstein "must" disclose the identities of all the witnesses he would call in his defense to the Federal Criminal Action (Rule 26(a)(1)(A)(i)), copies of "all documents" he "may use to support [his] defenses" (Rule 26(a)(1)(A)(ii)), as well as the identity of "any" expert witness he "may use at trial," along with mandatory disclosure of "a written report" containing "a complete statement of all opinions the [expert] will express and the basis and reasons for them" (Rule 26(a)(2)(A) and (B)(i)).

In contrast, in the pending Federal Criminal Action, which is governed exclusively by the Federal Rules of Criminal Procedure, the USAO would not be entitled to compel pre-trial production of *any* of this information. *See* Fed. R. Cr. P. 16(b)(1)(A), (C), and 16(b)(2); *United States v. Argomaniz*, 925 F.2d 1349, 1355-56 (11th Cir. 1991) (explaining act-of-production privilege).

---

[5] This could give the USAO a tremendous advantage in prosecuting Epstein in the Federal Criminal Action. *See* Comment, *Using Equitable Powers to Coordinate Parallel Civil and Criminal Actions,* 98 Harv. L. Rev. 1023, 1030 (1985) (observing that "the prosecutor may have access to detailed civil depositions of the accused's witnesses, while the rules of criminal procedure bar the accused from deposing the prosecutor's witnesses").

Thus, absent a stay of this civil action, the USAO would receive fundamentally unfair access to defense information and highly prejudicial advance insight into criminal defense strategy. *See* Comment, 98 Harv. L. Rev. at 1030 ("To the extent that a prosecutor acquires evidence that was elicited from the accused in a parallel civil proceeding, the criminal process becomes less adversarial.").

Without a stay in place, discovery will proceed, including against third parties. Mr. Epstein will have no alternative but to issue subpoenas seeking evidence from state and federal law-enforcement officers. For example, Epstein is clearly entitled to discover evidence of prior statements (including inconsistent statements) given by witnesses whom law-enforcement has previously interviewed. *See, e.g., Cox v. Treadway,* 75 F.3d 230 (6th Cir. 1996) (holding that district court properly admitted testimony of prosecutor about prior inconsistent statements that witness made to the prosecutor). Likewise, Epstein may be entitled to discovery of relevant evidence that is in the present possession of the grand jury or other law-enforcement agencies. *See, e.g., Simpson v. Hines,* 729 F. Supp. 526, 527 (E.D. Tex. 1989) ("The grand jury has concluded its deliberations . . . . The need for secrecy of these specific tapes no longer outweighs other concerns."); *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.,* 87 F.R.D. 53, 59 (E.D. Pa. 1980) ("[W]here, as here, the grand jury has completed its work and all

18

that is sought are those documents turned over to the grand jury by the corporations which are defendants in the civil case, the considerations . . . militating against disclosure are beside the point.") (*citing Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211 (1979)).

In response to such third-party subpoenas to law-enforcement witnesses, we anticipate that it will be the government, not Mr. Epstein, who will object to discovery in this civil case, until the final conclusion of the Federal Criminal Action.

## Conclusion

Because this lawsuit arises from the same allegations as the Federal Criminal

Action, this Court should stay this lawsuit until that action is no longer pending.

Respectfully submitted,

LEWIS TEIN, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel:  305 442 1101
Fax: 305 442 6744

By:

GUY A. LEWIS
Fla. Bar No. 623740
lewis@lewistein.com
MICHAEL R. TEIN
Fla. Bar No. 993522
tein@lewistein.com

ATTERBURY, GOLDBERGER & WEISS, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, Florida 33401
Tel.  561 659 8300
Fax. 561 835 8691

By:    Jack A. Goldberger
       Fla. Bar No. 262013
       jgoldberger@agwpa.com

*Attorneys for Defendant Jeffrey Epstein*

20

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.D.3

Counsel for defendant has conferred in good faith with counsel for the plaintiff, who opposes the relief requested in this motion.



———————————————————
Michael R. Tein


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served this day, July 25, 2008, on counsel of record identified on the service list by U.S. Mail.

———————————————————
Michael R. Tein

Lewis Tein PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

## Service List

Theodore J. Leopold, Esq.
Ricci-Leopold, P.A.
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL  33410
Fax: 561 697 2383
*Counsel for Plaintiff Jane Doe*

Douglas M. McIntosh, Esq.
Jason A. McGrath, Esq.
McIntosh, Sawran, Peltz & Cartaya, P.A.
Centurion Tower
1601 Forum Place, Suite 1110
West Palm Beach, Florida  33401
Fax. 561 682-3206
*Counsel for Defendant Haley Robson*

Bruce E. Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, Florida  33401
Fax. 561 828 0983
*Counsel for Defendant Sarah Kellen*

Robert D. Critton, Esq.
Michael J. Pike, Esq.
Burman, Critton, Luttier &
Coleman, LLP
515 N. Flagler Drive, Suite 400
West Palm Beach, Florida  33401
Fax. 561 515 3148
*Co-Counsel for Jeffrey Epstein*

**Lewis Tein** PL.
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

# EXHIBIT  A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 08-80736-Civ-Marra/Johnson

**IN RE: JANE DOE,**

      **Petitioner.**

_____/

FILED by _____ D.C.

**JUL 09 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## DECLARATION OF A. MARIE VILLAFAÑA
## IN SUPPORT OF UNITED STATES' RESPONSE
## TO VICTIM'S EMERGENCY PETITION FOR ENFORCEMENT
## OF CRIME VICTIM RIGHTS ACT, 18 U.S.C. § 3771

1.   I, A. Marie Villafaña, do hereby declare that I am a member in good standing of the Bar of the State of Florida. I graduated from the University of California at Berkeley School of Law (Boalt Hall) in 1993. After serving as a judicial clerk to the Hon. David F. Levi in Sacramento, California, I was admitted to practice in California in 1995. I also am admitted to practice in all courts of the states of Minnesota and Florida, the Eighth, Eleventh, and Federal Circuit Courts of Appeals, and the U.S. District Courts for the Southern District of Florida, the District of Minnesota, and the Northern District of California. My bar admission status in California and Minnesota is currently inactive. I am currently employed as an Assistant United States Attorney in the Southern District of Florida and was so employed during all of the events described herein.



2.    I am the Assistant United States Attorney assigned to the investigation of Jeffrey Epstein. The case was investigated by the Federal Bureau of Investigation ("FBI"). The federal investigation was initiated in 2006 at the request of the Palm Beach Police Department ("PBPD") into allegations that Jeffrey Epstein and his personal assistants had used facilities of interstate commerce to induce young girls between the ages of thirteen and seventeen to engage in prostitution, amongst other offenses.

3.    Throughout the investigation, when a victim was identified, victim notification letters were provided to her both from your Affiant and from the FBI's Victim-Witness Specialist. Attached hereto are copies of the letters provided to Bradley Edwards' three clients, T.M., C.W., and S.R.[1]  Your Affiant's letter to C.W. was provided by the FBI. (Ex. 1). Your Affiant's letter to T.M. was hand-delivered by myself to T.M. at the time that she was interviewed (Ex. 2).[2]  Both C.W. and T.M. also received letters from the FBI's Victim-Witness Specialist, which were sent on January 10, 2008 (Exs. 3 & 4). S.R. was identified via the FBI's investigation in 2007, but she initially refused to speak with investigators. S.R.'s status as a victim of a federal offense was confirmed when she was interviewed by

---

[1] Attorney Edwards filed his Motion on behalf of "Jane Doe," without identifying which of his clients is the purported victim. Accordingly, I will address facts related to C.W., T.M., and S.R. All three of those clients were victims of Jeffrey Epstein's while they were minors beginning when they were fifteen years old.

[2] Please note that the dates on the U.S. Attorney's Office letters to C.W. and T.M. are not the dates that the letters were actually delivered. Letters to all known victims were prepared early in the investigation and delivered as each victim was contacted.

federal agents on May 28, 2008. The FBI's Victim-Witness Specialist sent a letter to S.R. on May 30, 2008 (Ex. 5).

4.     Throughout the investigation, the FBI agents, the FBI's Victim-Witness Specialist, and your Affiant had contact with C.W. and S.R. Attorney Edwards' other client, T.M., was represented by counsel and, accordingly, all contact with T.M. was made through that attorney. That attorney was James Eisenberg, and his fees were paid by Jeffrey Epstein, the target of the investigation.[3]

5.     In the summer of 2007, Mr. Epstein and the U.S. Attorney's Office for the Southern District of Florida ("the Office") entered into negotiations to resolve the investigation. At that time, Mr. Epstein had been charged by the State of Florida with solicitation of prostitution, in violation of Florida Statutes § 796.07. Mr. Epstein's attorneys sought a global resolution of the matter. The United States subsequently agreed to defer federal prosecution in favor of prosecution by the State of Florida, so long as certain basic preconditions were met. One of the key objectives for the Government was to preserve a federal remedy for the young girls whom Epstein had sexually exploited. Thus, one condition of that agreement, notice of which was provided to the victims on July 9, 2008, is the following:

> "Any person, who while a minor, was a victim of a violation of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under Section 2255 as she would have had, if Mr. Epstein

---

[3] The undersigned does not know when Mr. Edwards began representing T.M. or whether T.M. ever formally terminated Mr. Eisenberg's representation.

had been tried federally and convicted of an enumerated offense. For purposes
of implementing this paragraph, the United States shall provide Mr. Epstein's
attorneys with a list of individuals whom it was prepared to name in an
Indictment as victims of an enumerated offense by Mr. Epstein. Any judicial
authority interpreting this provision, including any authority determining
which evidentiary burdens if any a plaintiff must meet, shall consider that it is
the intent of the parties to place these identified victims in the same position
as they would have been had Mr. Epstein been convicted at trial. No more; no
less."

6.      An agreement was reached in September 2007. The Agreement contained an
express confidentiality provision.

7.      Although individual victims were not consulted regarding the agreement,
several had expressed concerns regarding the exposure of their identities at trial and they
desired a prompt resolution of the matter. At the time the agreement was signed in
September 2007, T.M. was openly hostile to the prosecution of Epstein. The FBI attempted
to interview S.R. in October 2007, at which time she refused to provide any information
regarding Jeffrey Epstein. None of Attorney Edwards' clients had expressed a desire to be
consulted prior to the resolution of the federal investigation.

8.      As explained above, one of the terms of the agreement deferring prosecution
to the State of Florida was securing a federal remedy for the victims. In October 2007,
shortly after the agreement was signed, four victims were contacted and these provisions
were discussed. One of those victims was C.W. who at the time was not represented, and she
was given notice of the agreement. Notice was also provided of an expected change of plea
in October 2007. When Epstein's attorneys learned that some of the victims had been

notified, they complained that the victims were receiving an incentive to overstate their involvement with Mr. Epstein in order to increase their damages claims. While your Affiant knew that the victims' statements had been taken and corroborated with independent evidence well before they were informed of the potential for damages, the agents and I concluded that informing additional victims could compromise the witnesses' credibility at trial if Epstein reneged on the agreement.

9.     After C.W. had been notified of the terms of the agreement, but before Epstein performed his obligations, C.W. contacted the FBI because Epstein's counsel was attempting to take her deposition and private investigators were harassing her. Your Affiant secured pro bono counsel to represent C.W. and several other identified victims. Pro bono counsel was able to assist C.W. in avoiding the improper deposition. That pro bono counsel did not express to your Affiant that C.W. was dissatisfied with the resolution of the matter.

10.     In mid-June 2008, Attorney Edwards contacted your Affiant to inform me that he represented C.W. and S.R. and asked to meet to provide me with information regarding Epstein. I invited Attorney Edwards to send to me any information that he wanted me to consider. Nothing was provided. I also advised Attorney Edwards that he should consider contacting the State Attorney's Office, if he so wished. I understand that no contact with that office was made. Attorney Edwards had alluded to T.M., so I advised him that, to my knowledge, T.M. was still represented by Attorney James Eisenberg.

11.     On Friday, June 27, 2008, at approximate 4:15 p.m., your Affiant received a copy of the proposed state plea agreement and learned that the plea was scheduled for 8:30 a.m., Monday, June 30, 2008.  Your Affiant and the Palm Beach Police Department attempted to provide notification to victims in the short time that Epstein's counsel had given us.  Although all known victims were not notified, your Affiant specifically called attorney Edwards to provide notice to his clients regarding the hearing.  Your Affiant believes that it was during this conversation that Attorney Edwards notified me that he represented T.M., and I assumed that he would pass on the notice to her, as well.  Attorney Edwards informed your Affiant that he could not attend but that someone would be present at the hearing.  Your Affiant attended the hearing, but none of Attorney Edwards' clients was present.

12.     On today's date, your Affiant provided the attached victim notifications to C.W. and S.R. via their attorney, Bradley Edwards (Exs. 6 & 7).  A notification was not provided to T.M. because the U.S. Attorney's modification limited Epstein's liability to victims whom the United States was prepared to name in an indictment.  In light of T.M.'s prior statements to law enforcement, your Affiant could not in good faith include T.M. as a victim in an indictment and, accordingly, could not include her in the list provided to Epstein's counsel.

13.     Furthermore, with respect to the Certification of Emergency, Attorney Edwards did not ever contact me prior to the filing of that Certification to demand the relief that he requests in his Emergency Petition.  On the afternoon of July 7, 2008, after your Affiant had

-6-

already received the Certification of Emergency and Emergency Petition, I received a letter

from Attorney Edwards that had been sent, via Certified Mail, on July 3, 2008. While that

letter urges the Attorney General and the United States Attorney to consider "vigorous

enforcement" of federal laws with respect to Jeffrey Epstein, it contains no demand for the

relief requested in the Emergency Petition.

14.    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the

foregoing is true and correct to the best of my knowledge and belief.

Executed this _9th_ day of July, 2008.


A. Marie Villafaña, Esq.

-7-





**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*500 South Australian Ave., Suite 400*
*West Palm Beach, FL 33401*
*(561) 820-8711*
*Facsimile: (561) 820-8777*

June 7, 2007

<u>DELIVERY BY HAND</u>
Miss C█████ W██

   Re: <u>Crime Victims' and Witnesses' Rights</u>

Dear Miss W███

  Pursuant to the Justice for All Act of 2004, as a victim and/or witness of a federal offense, you have a number of rights. Those rights are:

  (1) The right to be reasonably protected from the accused.
  (2) The right to reasonable, accurate, and timely notice of any public court proceeding involving the crime or of any release or escape of the accused.
  (3) The right not to be excluded from any public court proceeding, unless the court determines that your testimony may be materially altered if you are present for other portions of a proceeding.
  (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, or sentencing.
  (5) The reasonable right to confer with the attorney for the United States in the case.
  (6) The right to full and timely restitution as provided in law.
  (7) The right to proceedings free from unreasonable delay.
  (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

  Members of the U.S. Department of Justice and other federal investigative agencies, including the Federal Bureau of Investigation, must use their best efforts to make sure that these rights are protected. If you have any concerns in this regard, please feel free to contact me at 561 209-1047, or Special Agent Nesbitt Kuyrkendall from the Federal Bureau of Investigation at 561 822-5946. You also can contact the Justice Department's Office for Victims of Crime in Washington, D.C. at 202-307-5983. That Office has a website at www.ovc.gov.

  You can seek the advice of an attorney with respect to the rights listed above and, if you believe that the rights set forth above are being violated, you have the right to petition the Court for relief.

MISS C███████ W█████ 
JUNE 7, 2007
PAGE 2


In addition to these rights, you are entitled to counseling and medical services, and protection from intimidation and harassment. If the Court determines that you are a victim, you also may be entitled to restitution from the perpetrator. A list of counseling and medical service providers can be provided to you, if you so desire. If you or your family is subjected to any intimidation or harassment, please contact Special Agent Kuyrkendall or myself immediately. It is possible that someone working on behalf of the targets of the investigation may contact you. Such contact does not violate the law. However, if you are contacted, you have the choice of speaking to that person or refusing to do so. If you refuse and feel that you are being threatened or harassed, then please contact Special Agent Kuyrkendall or myself.

You also are entitled to notification of upcoming case events. At this time, your case is under investigation. If anyone is charged in connection with the investigation, you will be notified.

Sincerely,

R. Alexander Acosta
United States Attorney

By:

A. Marie Villafaña
Assistant United States Attorney

cc:    Special Agent Nesbitt Kuyrkendall, F.B.I.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*500 South Australian Ave., Suite 400*
*West Palm Beach, FL 33401*
*(561) 820-8711*
*Facsimile: (561) 820-8777*

August 11, 2006

<u>DELIVERY BY HAND</u>
Miss T██████ M███ 

Re:  <u>Crime Victims' and Witnesses' Rights</u>

Dear Miss M████

Pursuant to the Justice for All Act of 2004, as a victim and/or witness of a federal offense, you have a number of rights. Those rights are:

(1)  The right to be reasonably protected from the accused.
(2)  The right to reasonable, accurate, and timely notice of any public court proceeding involving the crime or of any release or escape of the accused.
(3)  The right not to be excluded from any public court proceeding, unless the court determines that your testimony may be materially altered if you are present for other portions of a proceeding.
(4)  The right to be reasonably heard at any public proceeding in the district court involving release, plea, or sentencing.
(5)  The reasonable right to confer with the attorney for the United States in the case.
(6)  The right to full and timely restitution as provided in law.
(7)  The right to proceedings free from unreasonable delay.
(8)  The right to be treated with fairness and with respect for the victim's dignity and privacy.

Members of the U.S. Department of Justice and other federal investigative agencies, including the Federal Bureau of Investigation, must use their best efforts to make sure that these rights are protected. If you have any concerns in this regard, please feel free to contact me at 561 209-1047, or Special Agent Nesbitt Kuyrkendall from the Federal Bureau of Investigation at 561 822-5946. You also can contact the Justice Department's Office for Victims of Crime in Washington, D.C. at 202-307-5983. That Office has a website at www.ovc.gov.

You can seek the advice of an attorney with respect to the rights listed above and, if you believe that the rights set forth above are being violated, you have the right to petition the Court for relief.

MISS T███████ M█████
AUGUST 11, 2006
PAGE 2

In addition to these rights, you are entitled to counseling and medical services, and ┌.
from intimidation and harassment. If the Court determines that you are a victim, you ...l...
entitled to restitution from the perpetrator. A list of counseling and medical service p⌐o...
be provided to you, if you so desire. If you or your family is subjected to any inti...
harassment, please contact Special Agent Kuyrkendall or myself immediately. It is p...
someone working on behalf of the targets of the investigation may contact you. Such c...
not violate the law. However, if you are contacted, you have the choice of speaking to .ii.
or refusing to do so. If you refuse and feel that you are being threatened or harassed, the...
contact Special Agent Kuyrkendall or myself.

You also are entitled to notification of upcoming case events. At this time, your c...
investigation. If anyone is charged in connection with the investigation, you will be n...

Sincerely,

R. Alexander Acosta
United States Attorney

By:

A. Marie Villafaña
Assistant United States Attorney

cc:   Special Agent Nesbitt Kuyrkendall, F.B.I.



**U.S. Department of Justice**
Federal Bureau of Investigation
FBI - West Palm Beach
Suite 500
505 South Flagler Drive
West Palm Beach, FL  33401
Phone: (561) 833-7517
Fax: (561) 833-7970

January 10, 2008



Re: Case Number: ███████████

Dear ███████ W██████

    This case is currently under investigation. This can be a lengthy process and we request your continued patience while we conduct a thorough investigation.

    As a crime victim, you have the following rights under 18 United States Code § 3771:  **(1)** The right to be reasonably protected from the accused; **(2)** The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused; **(3)** The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; **(4)** The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; **(5)** The reasonable right to confer with the attorney for the Government in the case; **(6)** The right to full and timely restitution as provided in law; **(7)** The right to proceedings free from unreasonable delay; **(8)** The right to be treated with fairness and with respect for the victim's dignity and privacy.

    We will make our best efforts to ensure you are accorded the rights described. Most of these rights pertain to events occurring after the arrest or indictment of an individual for the crime, and it will become the responsibility of the prosecuting United States Attorney's Office to ensure you are accorded those rights. You may also seek the advice of a private attorney with respect to these rights.

    The Victim Notification System (VNS) is designed to provide you with direct information regarding the case as it proceeds through the criminal justice system. You may obtain current information about this matter on the Internet at WWW.Notify.USDOJ.GOV or from the VNS Call Center at 1-866-DOJ-4YOU (1-866-365-4968) (TDD/TTY: 1-866-228-4619) (International: 1-502-213-2767).  In addition, you may use the Call Center or Internet to update your contact information and/or change your decision about participation in the notification program.  If you update your information to include a current email address, VNS will send information to that address. You will need the following Victim Identification Number (VIN) '1941737' and Personal Identification Number (PIN) '5502' anytime you contact the Call Center and the first time you log on to VNS on the Internet.  In addition, the first time you access the VNS Internet site, you will be prompted to enter your last name (or business name) as currently contained in VNS. The name you should enter is W███



If you have additional questions which involve this matter, please contact the office listed above. When you call, please provide the file number located at the top of this letter. Please remember, your participation in the notification part of this program is voluntary. In order to continue to receive notifications, it is your responsibility to keep your contact information current.

Sincerely,

Twiler Smith

Twiler Smith
Victim Specialist



**U.S. Department of Justice**
Federal Bureau of Investigation
FBI - West Palm Beach
Suite 500
505 South Flagler Drive
West Palm Beach, FL  33401
Phone: (561) 833-7517
Fax: (561) 833-7970

January 10, 2008

James Eisenberg
One Clearlake Center Ste 704 Australian South
West Palm Beach, Fl. 33401

Re: ███████████████

Dear James Eisenberg:

You have requested to receive notifications for T███ M███

This case is currently under investigation. This can be a lengthy process and we request your continued patience while we conduct a thorough investigation.

As a crime victim, you have the following rights under 18 United States Code § 3771: **(1)** The right to be reasonably protected from the accused; **(2)** The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused; **(3)** The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; **(4)** The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; **(5)** The reasonable right to confer with the attorney for the Government in the case; **(6)** The right to full and timely restitution as provided in law; **(7)** The right to proceedings free from unreasonable delay; **(8)** The right to be treated with fairness and with respect for the victim's dignity and privacy.

We will make our best efforts to ensure you are accorded the rights described. Most of these rights pertain to events occurring after the arrest or indictment of an individual for the crime, and it will become the responsibility of the prosecuting United States Attorney's Office to ensure you are accorded those rights. You may also seek the advice of a private attorney with respect to these rights.

The Victim Notification System (VNS) is designed to provide you with direct information regarding the case as it proceeds through the criminal justice system. You may obtain current information about this matter on the Internet at WWW.Notify.USDOJ.GOV or from the VNS Call Center at 1-866-DOJ-4YOU (1-866-365-4968) (TDD/TTY: 1-866-228-4619) (International: 1-502-213-2767). In addition, you may use the Call Center or Internet to update your contact information and/or change your decision about participation in the notification program. If you update your information to include a current email address, VNS will send information to that address. You will need the following Victim Identification Number (VIN) '1941741' and Personal Identification Number (PIN) '7750' anytime you contact the Call Center and the first time you log on to VNS on the Internet. In addition, the first time you access the VNS Internet site, you will be prompted to enter your last name (or business name) as currently contained in VNS. The name you should enter is Eisenberg.



If you have additional questions which involve this matter, please contact the office listed above. When you call, please provide the file number located at the top of this letter. Please remember, your participation in the notification part of this program is voluntary. In order to continue to receive notifications, it is your responsibility to keep your contact information current.

Sincerely,

*Twiler Smith*

Twiler Smith
Victim Specialist



**U.S. Department of Justice**
Federal Bureau of Investigation
FBI - West Palm Beach
Suite 500
505 South Flagler Drive
West Palm Beach, FL  33401
Phone: (561) 833-7517
Fax: (561) 833-7970

May 30, 2008



Re:

Dear

Your name was referred to the FBI's Victim Assistance Program as being a possible victim of a federal crime. We appreciate your assistance and cooperation while we are investigating this case. We would like to make you aware of the victim services that may be available to you and to answer any questions you may have regarding the criminal justice process throughout the investigation. Our program is part of the FBI's effort to ensure the victims are treated with respect and are provided information about their rights under federal law. These rights include notification of the status of the case. The enclosed brochures provide information about the FBI's Victim Assistance Program, resources and instructions for accessing the Victim Notification System (VNS). VNS is designed to provide you with information regarding the status of your case.

This case is currently under investigation. This can be a lengthy process and we request your continued patience while we conduct a thorough investigation.

As a crime victim, you have the following rights under 18 United States Code § 3771: (1) The right to be reasonably protected from the accused; (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused; (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) The reasonable right to confer with the attorney for the Government in the case; (6) The right to full and timely restitution as provided in law; (7) The right to proceedings free from unreasonable delay; (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

We will make our best efforts to ensure you are accorded the rights described. Most of these rights pertain to events occurring after the arrest or indictment of an individual for the crime, and it will become the responsibility of the prosecuting United States Attorney's Office to ensure you are accorded those rights. You may also seek the advice of a private attorney with respect to these rights.

The Victim Notification System (VNS) is designed to provide you with direct information regarding the case as it proceeds through the criminal justice system. You may obtain current information about this matter on the Internet at WWW.Notify.USDOJ.GOV or from the VNS Call Center at 1-866-DOJ-4YOU (1-866-365-4968) (TDD/TTY: 1-866-228-4619) (International: 1-502-213-2767). In addition, you may use the Call Center or Internet to update your contact information and/or change your decision about participation in the notification program. If you update your information to include a current email address, VNS will send information to that address. You will need the following Victim Identification Number (VIN) '2074381' and Personal Identification Number (PIN) '1816' anytime you contact the Call Center and the first time you log on to VNS on the Internet. In addition, the first time you access the VNS Internet site, you will be prompted to enter your last name (or business name) as currently contained in VNS. The name you should enter is R





If you have additional questions which involve this matter, please contact the office listed above. When you call, please provide the file number located at the top of this letter. Please remember, your participation in the notification part of this program is voluntary. In order to continue to receive notifications, it is your responsibility to keep your contact information current.

Sincerely,

Twiler Smith
Victim Specialist

TOTAL P.07



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

| GOVERNMENT EXHIBIT |
| --- |
| CASE NO. 08-80736-CV-MARRA |
| EXHIBIT NO.     6 |

*500 South Australian Ave., Suite 400*
*West Palm Beach, FL 33401*
*(561) 820-8711*
*Facsimile: (561) 820-8777*

July 9, 2008

VIA FACSIMILE
Brad Edwards, Esq.
The Law Offices of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, Florida 33020.

      Re:   <u>**Jeffrey Epstein/C████████W██: NOTIFICATION OF
IDENTIFIED VICTIM**</u>

Dear Mr. Edwards:

      By virtue of this letter, the United States Attorney's Office for the Southern District of Florida asks that you provide the following notice to your client, C██████ W██.

      On June 30, 2008, Jeffrey Epstein (hereinafter referred to as "Epstein) entered a plea of guilty to violations of Florida Statutes Sections 796.07 (felony solicitation of prostitution) and 796.03 (procurement of minors to engage in prostitution), in the 15th Judicial Circuit in and for Palm Beach County (Case Nos. 2006-cf-009454AXXXMB and 2008-cf-009381AXXXMB) and was sentenced to a term of twelve months' imprisonment to be followed by an additional six months' imprisonment, followed by twelve months of Community Control 1, with conditions of community confinement imposed by the Court.

      In light of the entry of the guilty plea and sentence, the United States has agreed to defer federal prosecution in favor of this state plea and sentence, subject to certain conditions.

      One such condition to which Epstein has agreed is the following:

"Any person, who while a minor, was a victim of a violation of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under Section 2255 as she would have had, if Mr. Epstein

BRAD EDWARDS, ESQ.
NOTIFICATION OF IDENTIFIED VICTIM C█████ W██
JULY 9, 2008
PAGE 2 OF 2

had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an Indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining which evidentiary burdens if any a plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

Through this letter, this Office hereby provides Notice that your client, C█████W██ is an individual whom the United States was prepared to name as a victim of an enumerated offense.

Should your client decide to file a claim against Jeffrey Epstein, his attorney, Jack Goldberger, asks that you contact him at Atterbury Goldberger and Weiss, 250 Australian Avenue South, Suite 1400, West Palm Beach, FL 33401, (561) 659-8300.

Please understand that neither the U.S. Attorney's Office nor the Federal Bureau of Investigation can take part in or otherwise assist in civil litigation; however, if you do file a claim under 18 U.S.C. § 2255 and Mr. Epstein denies that your client is a victim of an enumerated offense, please provide notice of that denial to the undersigned.

Please thank your client for all of her assistance during the course of this examination and express the heartfelt regards of myself and Special Agents Kuyrkendall and Richards for the health and well-being of Ms. W██

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _A. Marie Villafaña_

A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

cc:   Jack Goldberger, Esq.

**U.S. Department of Justice**



*United States Attorney*
*Southern District of Florida*

*500 South Australian Ave., Suite 400*
*West Palm Beach, FL 33401*
*(561) 820-8711*
*Facsimile: (561) 820-8777*

July 9, 2008

<u>VIA FACSIMILE</u>
Brad Edwards, Esq.
The Law Offices of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, Florida  33020.

      Re:    **Jeffrey Epstein/S████ R████   NOTIFICATION OF**
                **IDENTIFIED VICTIM**

Dear Mr. Edwards:

      By virtue of this letter, the United States Attorney's Office for the Southern District
of Florida asks that you provide the following notice to your client, S████ R████

      On June 30, 2008, Jeffrey Epstein (hereinafter referred to as "Epstein) entered a plea
of guilty to violations of Florida Statutes Sections 796.07 (felony solicitation of prostitution)
and 796.03 (procurement of minors to engage in prostitution), in the 15th Judicial Circuit in
and for Palm Beach County (Case Nos. 2006-cf-009454AXXXMB and 2008-cf-
009381AXXXMB) and was sentenced to a term of twelve months' imprisonment to be
followed by an additional six months' imprisonment, followed by twelve months of
Community Control 1, with conditions of community confinement imposed by the Court.

      In light of the entry of the guilty plea and sentence, the United States has agreed to
defer federal prosecution in favor of this state plea and sentence, subject to certain
conditions.

      One such condition to which Epstein has agreed is the following:

      "Any person, who while a minor, was a victim of a violation of an offense
      enumerated in Title 18, United States Code, Section 2255, will have the same
      rights to proceed under Section 2255 as she would have had, if Mr. Epstein

BRAD EDWARDS, ESQ.
NOTIFICATION OF IDENTIFIED VICTIM S█████R█████
JULY 9, 2008
PAGE 2 OF 2

had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an Indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining which evidentiary burdens if any a plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

Through this letter, this Office hereby provides Notice that your client, S█████. R█████ is an individual whom the United States was prepared to name as a victim of an enumerated offense.

Should your client decide to file a claim against Jeffrey Epstein, his attorney, Jack Goldberger, asks that you contact him at Atterbury Goldberger and Weiss, 250 Australian Avenue South, Suite 1400, West Palm Beach, FL 33401, (561) 659-8300.

Please understand that neither the U.S. Attorney's Office nor the Federal Bureau of Investigation can take part in or otherwise assist in civil litigation; however, if you do file a claim under 18 U.S.C. § 2255 and Mr. Epstein denies that your client is a victim of an enumerated offense, please provide notice of that denial to the undersigned.

Please thank your client for all of her assistance during the course of this examination and express the heartfelt regards of myself and Special Agents Kuyrkendall and Richards for the health and well-being of Ms. R█████

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

cc:  Jack Goldberger, Esq.