UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80804-CIV-MARRA/JOHNSON

JANE DOE, a/k/a
JANE DOE NO. 1,

       Plaintiff,

v.

JEFFREY EPSTEIN,
HALEY ROBSON, and
SARAH KELLEN,

       Defendants.

_____/

## OPINION AND ORDER REMANDING CASE TO STATE COURT

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (DE 11), filed August

18, 2008.  Defendants filed a response (DE 21), and Plaintiff subsequently replied (DE 22).  The

motion is now fully briefed and is ripe for review.  The Court has carefully reviewed all of the

briefs and the entire record and is otherwise advised in the premises.

### *Background*

Plaintiff Jane Doe, a/k/a Jane Doe No. 1, filed a four-count complaint in the Circuit Court

of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on June 25, 2008,

bringing actions for sexual assault against Defendant Jeffrey Epstein ("Epstein"), and civil

conspiracy, intentional infliction of emotional distress, and civil remedy for violation of Florida

Statute Section 772.103 against all three Defendants (DE 1).  The facts, as alleged in the

Complaint, are as follows: At all relevant times, Epstein was an adult male. (Am. Compl. ¶ 8).

1

Epstein engaged in a plan, scheme and/or enterprise in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls or coerced or attempted to coerce them to engage in prostitution, and then gave them money. (Am. Compl. ¶ 9).  In or about 2005, Plaintiff, then 14 years old, became a victim of this scheme.  (Am. Compl. ¶ 9).  Defendants Sarah Kellen ("Kellen") and Haley Robson ("Robson") recruited girls ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. (Am. Compl. ¶11).  Under the plan, Robson was contacted shortly before or soon after Epstein was at his Palm Beach residence.  Epstein, Kellen, or someone on their behalf, directed Robson to bring one or more underage girls to the residence. (Am. Compl. ¶11).  Robson generally sought out economically disadvantaged underage girls from Loxahatchee and surrounding areas. (Am. Compl. ¶ 11).

Upon arrival at Epstein's mansion, Robson would introduce each victim to Kellen, who gathered the girl's personal information. (Am. Compl. ¶ 12).  Defendant Kellen would then bring the girl up a flight of stairs to a bedroom that contained a massage table.  (Am. Compl. ¶ 12). Kellen would then leave the girl alone in the room, whereupon Epstein would enter wearing only a towel. (Am. Compl. ¶ 12). Epstein would then remove his towel, lay down naked on the massage table, and direct the girl to remove her clothes.  (Am. Compl. ¶ 12).  Epstein would then perform one or more lewd, lascivious and sexual acts, including masturbation, touching the girl's vagina with a vibrator, or digitally penetrating the girl's vagina, and coerce or attempt to coerce the girl to engage in either lewd acts or prostitution, or both.  (Am. Compl. ¶ 12).

Consistent with the foregoing plan, Robson recruited Plaintiff to give Epstein a massage for monetary compensation. (Am. Compl. ¶ 13).  Robson brought Plaintiff to Epstein's mansion

in Palm Beach. (Am. Compl. ¶ 13).  Plaintiff was introduced to Kellen, who led her up the stairs

to the room with the massage table. (Am. Compl. ¶ 13).  Kellen set up the massage table, laid out

the massage oils, told Plaintiff that Epstein would be in shortly, and then left the room. (Am.

Compl. ¶ 13).  Plaintiff was alone in the room when Epstein arrived. (Am. Compl. ¶ 13).  Epstein

told her to remove her clothes and left the room. (Am. Compl. ¶ 13).  Epstein returned wearing

only a towel. (Am. Compl. ¶ 13).  Epstein removed his towel and laid down on his stomach on

the massage table. (Am. Compl. ¶ 13).  Epstein again told Plaintiff to remove her clothes. (Am.

Compl. ¶ 13).  In shock, fear and trepidation, Plaintiff complied, removing her clothes except for

her panties and bra. (Am. Compl. ¶ 13).  Shortly after starting to rub Epstein's back, Epstein told

Plaintiff to sit on his back. (Am. Compl. ¶ 13).  Plaintiff, out of fear and trepidation, complied.

(Am. Compl. ¶ 13).  After a period of time, Epstein got up from the table and went behind the

door. (Am. Compl. ¶ 13).  For several minutes Plaintiff heard loud noises and moans and

believes that Epstein was masturbating. (Am. Compl. ¶ 13).  Thereafter, Epstein, naked, returned

to the massage table and laid face up on the table. (Am. Compl. ¶ 13).  Epstein then told Plaintiff

to continue with the massage and told her to sit on top of him. (Am. Compl. ¶ 13).  Out of fear

and trepidation she complied. (Am. Compl. ¶ 13).  As Plaintiff rubbed Epstein's chest, Epstein

began to use a vibrator on Plaintiff's vagina.  (Am. Compl. ¶ 13). Thereafter Epstein began to

digitally stimulate and attempt to penetrate Plaintiff's vagina. (Am. Compl. ¶ 13).  At this same

time, Epstein was masturbating. (Am. Compl. ¶ 13).  Upon reaching orgasm, Epstein got up from

the massage table, told Plaintiff to write down her name and phone number, and then left the

room.(Am. Compl. ¶ 13).

Plaintiff was then able to get dressed, leave the room and go back downstairs and into the

kitchen. (Am. Compl. ¶ 14).  Epstein, Robson, and Kellen were waiting for Plaintiff. (Am.

Compl. ¶ 14).  Epstein paid Plaintiff $300. (Am. Compl. ¶ 14).  Epstein paid Robson $200 for

bringing Plaintiff to him. (Am. Compl. ¶ 14).  Robson took Plaintiff home. (Am. Compl. ¶ 14).

As a result of this encounter, the 14-year-old Plaintiff experienced confusion, shame,

humiliation, and embarrassment, and the assault sent her life into a downward spiral. (Am.

Compl. ¶ 15).

Defendants filed a Notice of Removal with this Court on July 18, 2008. (DE 1).

Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332: the amount in

controversy exceeds $75,000; Defendant Epstein is a citizen of the U.S. Virgin Islands; and

Defendant Sarah Kellen is a citizen of New York. (Notice of Removal ¶ 2.)  As Plaintiff is a

citizen of Florida, complete diversity exists and this Court's jurisdiction is alleged to be proper.

As for Haley Robson, Defendants claim that Robson was fraudulently joined to defeat diversity

jurisdiction. (Notice of Removal. ¶ 3).  Plaintiffs have moved to remand the action, claiming that

Robson was not fraudulently joined to the action.  As such, Plaintiff asserts that complete

diversity does not exist, and this Court does not have jurisdiction over this case.

### *Standard of Review*

A defendant may remove any civil action brought in a state court over which a federal

court would also have original jurisdiction.  28 U.S.C. § 1441(a).  However, the burden of

establishing federal jurisdiction under § 1441 rests with the party seeking removal. Carson v.

Dunham, 121 U.S. 421, 425 (1887); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  The

right of removal is strictly construed, as it is considered a federal infringement on a state's power

to adjudicate disputes in its own courts.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,

108-09 (1941).  Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved

in favor of remand.  See Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997).

### *Discussion*

#### *Fraudulent Joinder*

A defendant's statutory "right of removal cannot be defeated by a fraudulent joinder of a

resident defendant having no real connection with the controversy."  Wilson v. Republic Iron &

Steel Co., 257 U.S. 92, 97 (1921).  Thus, courts have established the doctrine of fraudulent

joinder to allow the removal of a case to federal court despite the presence of a non-diverse or

forum-citizen defendant.  The Eleventh Circuit has provided substantial guidance for the district

courts in situations where a party removes a case from state court, alleging fraudulent joinder of

the non-diverse parties:

> In a removal case alleging fraudulent joinder, the removing party has the
> burden of proving that either: (1) there is no possibility the plaintiff can
> establish a cause of action against the resident defendant; or (2) the plaintiff
> has fraudulently pled jurisdictional facts to bring the resident defendant into
> state court.  The burden of the removing party is a "heavy one."
>
> To determine whether the case should be remanded, the district court must
> evaluate the factual allegations in the light most favorable to the plaintiff and
> must resolve any uncertainties about state substantive law in favor of the
> plaintiff.

Crowe, 113 F.3d at 1538. In this case, Defendants do not allege that Plaintiff fraudulently pled

jurisdictional facts; instead, Defendants argue that Plaintiff has no cause of action against

Robson.

The Amended Complaint alleges three causes of action against Robson: civil conspiracy

(Count 2); intentional infliction of emotional distress (Count 3); and civil remedy for violation of

5

Florida Statute Section 772.103 (Count 4).  The Court, in considering the remand motion, must

not weigh the merits of a Plaintiff's claim beyond determining whether any of the alleged causes

of action is an arguable one under state law. See Crowe, 113 F.3d at 1538. "If there is even a

possibility that a state court would find that the complaint states a cause of action against any one

of the resident defendants, the federal court must find that joinder was proper and remand the

case to state court." Id., *quoting* Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th

Cir.1983).

The Florida Fifth District Court of Appeals set forth the elements of a civil conspiracy as

follows: "The elements of a civil conspiracy are: (a) a conspiracy between two or more parties,

(b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act

in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed

pursuant to the conspiracy." Walters v. Blankenship, 931 So.2d 137, 140 (Fla. 5DCA 2006),

*citing* Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County, 616 So.2d 562

(Fla. 5th DCA 1993).   Here, Plaintiff has alleged each of the required elements in her Amended

Complaint as follows: (a) a conspiracy between the three Defendants, including Robson (Am.

Compl. ¶ 21); (b) to do an unlawful act, that is, to commit the tort of sexual assault of a minor

(Am. Compl. ¶ 21); (c) Robson committed an overt act in pursuance of the conspiracy, that is,

Robson used false pretenses to lure Plaintiff to Epstein's home so that Epstein could sexually

assault Plaintiff (Am. Compl. ¶ 22).; and (d) severe and permanent traumatic injuries, including

mental, psychological and emotional damages  (Am. Compl. ¶ 23).

"Additionally, an actionable conspiracy requires an actionable underlying tort or wrong."

Raimi v. Furlong, 702 So.2d 1273, 1284 (3d DCA 1997); see, e.g.,  Walters, 931 So.2d at 141.

> The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff .... (citations omitted) Thus, a cause of action for civil conspiracy exists ... only if "the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person."

Rivers v. Dillards Dept. Store, Inc., 698 So.2d 1328 (Fla. 1 DCA 1997), *quoting* Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949 (Fla. 3d DCA 1984). The alleged underlying wrong or tort in this case is sexual assault of a 14-year-old minor.  Sexual assault is considered tortious conduct under Florida law. Malicki v. Doe, 814 So.2d 347, 358 (Fla. 2002); see also Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 917 (11th Cir. 2004) ("Florida law equates sexual battery with an intentional tort.").  At the very least, Plaintiff's Complaint states a cause of action for the underlying tort of battery, as a 14-year-old child cannot consent to the alleged vaginal penetration by Epstein.  Fla. Stat. § 800.04.

Based on the foregoing, the Court cannot say with certainty that "no possibility" exists that Plaintiff can establish a cause of action against the resident Robson in state court. See Crowe, 113 F.3d at 1538.  As such, the Court concludes that Defendants have not met their "heavy" burden of demonstrating that joinder of the claims against Robson was fraudulent, justifying denial of the motion to remand. Id.

### *Conclusion*

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 11] is **GRANTED**.

2.  This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, case No. 50 2008 CA 006596, for lack of subject matter

jurisdiction;

3.  The Clerk of this Court is hereby directed to forward a certified copy of this Order to

the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida, case No. 50 2008 CA 006596;

4.  All pending motions are hereby **DENIED**, without prejudice, as moot; and

5.  **This case is closed**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 3rd day of October, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record

8